Daniel, Judge.'
 

 In making up the case for this Court, the judge has not stated his reasons, why he thought the plaintiff could not recover. We, however, from the case stated, think the plaintiff was entitled to recover, if his evidence supported his allegations.
 
 Lupert
 
 v.
 
 Wilson,
 
 11 Mod. 170, was an action of covenant brought on an agreement to refer all matters in difference to an arbitration. The arbitrators awarded five hundred pounds to be paid, and general release to be given. It was argued, that though no express words were in the covenant, that the defendant should
 
 perform
 
 the award, yet it should be good by implication. Lord Holt said, that the very referring a thing to arbitration, is a mutual undertaking that each party shall perform his part of the award; for otherwise it cannot be said to be referred. In concluding his opinion he said, where two persons submit to an award, this amounts to mutual promises. In
 
 Purslow
 
 v.
 
 Bailey,
 
 2 Lord Ray. Rep. 1040, Lord Holt again said, the submission is an actual mutual promise to perform the award of the arbitrators ; and in such actions, whilst he was a practiser, and since he had been a judge, the submission had been always held sufficient evidence to maintain the action. And if so, then it is within the same reason as when a submission'is by bond, &c. In the case before us, we think the agreement in the deed' to submit, imported a covenant to perform the award; and that the defendant’s refusal to perform, was a breach of the covenant. There must be a new trial.
 

 Pee Curiam. Judgment reversed.